Smith, J.
We are of the opinion, on the authority of Yoho v. McGovern, 42 Ohio St., 11, that where a plaintiff commences an action on a joint claim against two defendants, who are non-residents of the state, and sues out an attachment which is levied upon property as the property of one or both of them* and summons issues against both of the defendants which is duly served on one of them and returned ‘‘not found” as to the other defendant, and on the day fixed for the trial, judgment is rendered against the party served, and on the following day an alias summons is issued against the other defendant, and he is personally served, and on the day fixed for the hearing, trial is had and judgment is rendered against him, from which judgment he appeals, that an answer setting up such facts does not constitute á good defense; that under such circumstances the taking of the judgment against the defendant first served does *636 not merge the debt against the other into the judgment against the first, but that he is authorized afterwards to sue the person not served on the original debt, and if he can obtain service upon him, recover a judgment thereon, notwithstanding the former judgment against the other joint debtor. If he can do so in a new action, we think he can do so in the same action if the justice has not lost jurisdiction of the action, as we think he had pot in this case. We think the demurrer (to the answer setting up these facts) was improperly overruleu and the action dismissed, and the judgment will be reversed and the cause remanded to the court of common pleas for further proceedings.
W. J. Davidson, for Plaintiff in Error.
Charles J. Hunt, contra.